UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
::
CHOKANG SHIPPING CO. LTD., :
: 08 Civ. 9447 (SHS)
Plaintiff, : <u>OPINION & ORDER</u>
:
-against- :
:
FAIRDEAL SUPPLIES PVT. LTD., :
:
Defendant. :
------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/10

SIDNEY H. STEIN, U.S. District Judge.

On December 17, 2009, the Court ordered plaintiff to show cause why the Order of Maritime Attachment and Garnishment in this action dated November 6, 2008 should not be vacated and any funds that have been attached pursuant to that Order of Maritime Attachment released. In response, plaintiff contends that the Order of Maritime Attachment is valid and the funds should not be released because Fairdeal Supplies Pvt. Ltd. has agreed that the funds attached pursuant to that Order—which currently are held in the court's registry—should serve as security for plaintiff's claim in the underlying arbitration and because the Court has personal jurisdiction over defendant. Specifically, Fairdeal entered into a consent order with Chokang on June 30, 2009, which directed that both the $481,193.71 in defendant's funds attached pursuant to the Order of Maritime Attachment and the same amount of plaintiff's funds posted as countersecurity for defendant's counterclaims in this action should be deposited in the court registry. Thus, Chokang argues that defendant's funds no longer fall within the scope of the holding of the U.S. Court of Appeals for the Second Circuit in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Chokang also contends that the Court has

personal jurisdiction over Fairdeal in light of Fairdeal's counterclaim in this action and its failure to preserve the defense of lack of personal jurisdiction.

The Second Circuit held in *Jaldhi* that "[b]ecause EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under [Supplemental Maritime] Rule B." 585 F.3d at 71. Thus, EFTs are no longer attachable property, regardless of whether the funds are held in the court registry, with or without the defendant's consent. *See Cyrene Maritime Co. Ltd. v. Pancoast Trading SA*, --- F. Supp. 2d ---, 2009 WL 4927958 (S.D.N.Y. Dec. 16, 2009). The fact that the parties both deposited funds in the court registry as part of an agreement to do so and to refrain from further attachments or motion practice in this action does not change the fact that Fairdeal's funds were attached as EFTs; that, as we learned in *Jaldhi*, EFTs are not subject to attachment; and thus that the Court lacked jurisdiction to attach the EFTs that the garnishee banks subsequently deposited into the Court registry. *See Bountiful Pro Ltd. v. PT Anugerah Pertiwi Malindo*, No. 08 Civ. 9683, 2009 WL 4884099, at *1 (S.D.N.Y. Dec. 16, 2009).

Finally, neither Fairdeal's compulsory counterclaim[1] in this action nor its failure to raise the—at that time, futile—defense of lack of personal jurisdiction provides the Court with jurisdiction. *See W. Bulk Pte Ltd. v. Inspat Indus.*, No. 08 Civ. 9776, 2009 WL 4039435, at *1 (S.D.N.Y. Nov. 20, 2009) (rejecting the proposition that compulsory counterclaims impart personal jurisdiction in a maritime action); *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) ("Because our holding in *Shipping Corp. of India* overruled . . .

---

[1] *See* Fed. R. Civ. P. 13(a). "A claim is compulsory if a *logical relationship* exists between the claim and the counterclaim and [if] the *essential facts of the claims are so logically connected* that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Intern., Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (quotation and citation omitted) (emphasis in original). Here, Fairdeal's counterclaim arises out of the same charter party pursuant to which Chokang initiated this action, and both parties' claims stem from Chokang's refusal to transport Fairdeal's allegedly improper cargo. Such a counterclaim is clearly based on facts so logically connected and intertwined with the underlying claim as to be compulsory.

2

3

precedent—which had governed this area of law and commerce for seven years— . . . defendant did not waive this objection [based on personal jurisdiction] by failing to raise it before the District Court.").

For the reasons set forth above, IT IS HEREBY ORDERED that the Order of Maritime Attachment and Garnishment dated November 6, 2008 should be vacated, any funds that have been deposited into an interest bearing account in the custody of the Clerk of Court pursuant to this Court's Consent order dated June 30, 2009 shall be released, and this action dismissed.

Dated: New York, New York
April 6, 2010

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.